IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KELLY DOYLE ET AL** | § § § | |
| *Plaintiffs*, | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:24-cv-57** |
| **NATIONSTAR MORTGAGE COMPANY LLC D/B/A MR. COOPER,** | § § § § | Removed from the 334th Judicial District Court Harris County Case No.: 202326878 |
| *Defendant*. | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar" or "Defendant") removes the above-captioned civil action currently pending in the 334th Judicial District Court of Harris County, Texas, Cause No. 202326878 (the "State Court Action"), to the United States District Court for the Southern District of Texas, Houston Division.

### I.  STATEMENT OF THE CASE

1.   On April 28, 2023, Plaintiffs Kelly and Walter Doyle ("Plaintiffs") filed their *Original Petition* (the "Original Complaint") in the State Court Action. The Original Complaint did not assert federal claims against Defendant.

2.   On May 16, 2023, Plaintiffs filed their First Amended Petition ("First Amended Complaint") in the State Court Action. The First Amended Complaint did not assert federal claims against Defendant.

3.     On December 18, 2023, Plaintiffs filed their Second Amended Petition ("Second Amended Complaint") in the State Court Action. The Second Amended Complaint asserts federal claims against Defendant pursuant to 15 USCS § 1692 (the Fair Debt Collection Practices Act).[1]

## II.     TIMELINESS OF REMOVAL

4.     Plaintiffs' Second Amended Complaint asserting claims under 15 USCS § 1692 *et seq* was filed on December 18, 2023. The time within which Defendant is required to file this Notice of Removal pursuant to 28 U.S.C. § 1446(c) has not yet expired because it is filed within thirty days of service of the Second Amended Complaint on Defendant.  Accordingly, this Notice of Removal is timely.[2]

## III.     VENUE

5.     Venue for this Notice of Removal is proper in the United States District Court for the Southern District of Texas, Houston Division, because this district and division includes Harris County, Texas – the location of the pending State Court Action.[3]

## IV.     BASIS FOR REMOVAL: FEDERAL QUESTION

6.     The Court has original jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiffs allege and seek damages based on their claim that Defendant violated 15 USCS § 1692 (the Fair Debt Collection Practices Act).[4]  Under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of the plaintiff's

---

[1] A copy of Plaintiffs' *Second Amended Complaint* is attached as **Exhibit 25**.
[2] *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").
[3] *See* 28 U.S.C. § 1441(a); "8 U.S.C. § 124(a)(2).
[4] **Exhibit 25** (Second Amended Complaint), p. 4.

properly pleaded complaint."[5] Because Plaintiffs assert a claim arising under federal statutes and regulations, removal of this entire cause of action is appropriate pursuant to 28 U.S.C. § 1441(a)-(c). The Court also has supplemental jurisdiction over any remaining state law claims because they "form a part of the same case or controversy."[6]

### V.    PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

7.    Plaintiffs have demanded a jury trial in their Second Amended Complaint.[7]

8.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the State Court Action and obtained by Defendant are attached hereto as composite **Exhibit "A"** and incorporated herein by reference.

9.    Pursuant to 28 U.S.C. § 1446(d), promptly after filing this *Notice of Removal*, Nationstar is providing Plaintiffs, through counsel, with written notice of removal, and a copy of this *Notice of Removal* is being filed with the Clerk of the 334th Judicial District Court of Harris County, Texas.

### VI.    CONCLUSION

The Court may exercise original jurisdiction over this action because Plaintiff asserts a claim arising under federal law, and the Court has supplemental jurisdiction over any remaining state law claims because they form a part of the same case or controversy.

---

[5] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
[6] 28 U.S.C. § 1367(a).
[7] **Exhibit 25** (Second Amended Complaint), p. 6, ¶ 13

Dated: January 5, 2024	Respectfully submitted,

*/s/ Grant M. Figari*
**Grant M. Figari**, SBN: 24119480
gfigari@mcguirewoods.com
**McGuireWoods LLP**
2601 Olive Street, Suite 2100
Dallas, Texas 75201
Tele.   214.932.6400
Fax     214.932.6499

**ATTORNEY FOR DEFENDANT
NATIONSTAR MORTGAGE LLC
D/B/A MR. COOPER**

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024, a copy of the foregoing was served on all attorneys of record via the Court's electronic filing system as follows:

**David "Mac" McKeand**
mac.mckeand@yahoo.com
**THE MCKEAND LAW FIRM**
1201 River Ridge
Austin, Texas 78732

**ATTORNEY FOR PLAINTIFFS**

*/s/ Grant M. Figari*
**Grant M. Figari**